### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **NOR T. THOMAS, JR.,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV 22-200-RAW |
| | ) |
| **OKLAHOMA DEPARTMENT OF CORRECTIONS, et al.,** | ) ) ) |
| Defendants. | ) |

### OPINION AND ORDER

Plaintiff, a pro se prisoner who is incarcerated at Mack Alford Correctional Center (MACC) in Stringtown, Oklahoma, has filed this civil rights action pursuant to 42 U.S.C. § 1983. The defendants are the Oklahoma Department of Corrections (DOC); Mark Knutson, Director of the DOC Administrative Review Authority; David Louthan, MACC Warden; and LaDana Hamilton, MACC Research and Classification officer.

Plaintiff alleges that after his parole was revoked in Tulsa County District Court Case No. CF-1996-2351, the DOC did not properly administer his sentence in that case or in his Washington County District Court Case, No. CF-2004-513. Instead of running the two sentences concurrently, they were run consecutively.[1] Plaintiff contends this alleged erroneous administration of his sentences and the defendants' failure to address his related

---

[1] Petitioner also raised these claims about the administration of his two sentences in a petition for writ of habeas corpus, *Thomas v. Louthan*, No. 21-CV-376-JFH-KEW (E.D. Okla. Nov. 12, 2021). *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir.) (exercising discretion "to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand"), *cert. denied*, 552 U.S. 969 (2007).

claims violated the Double Jeopardy Clause and the Due Process Clause of the United States Constitution. He seeks relief in the form of monetary damages for the time he was wrongfully incarcerated and unable to work in his occupation as a journeyman iron worker rodman and concrete finisher.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the

cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). *See also Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (holding that § 1915A dismissals are reviewed under the Fed. R. Civ. P. 12(b)(6) standard for stating a claim for relief);

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The Court "will not supply additional factual

allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Request for Compensatory Damages**

As stated above, Plaintiff is requesting monetary damages. To the extent he seeks compensatory damages for his alleged unconstitutional incarceration, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. Because Plaintiff has not shown that his convictions or sentences have been invalidated, this action must be DISMISSED for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

**ACCORDINGLY,** this action is, in all respects, DISMISSED for failure to state a claim upon which relief may be granted. This dismissal shall count as a "PRIOR OCCASION" or "STRIKE," pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 19th day of July 2022.

_Ronald A. White_
Ronald A. White
United States District Judge
Eastern District of Oklahoma